**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4442-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CLIVE A. ROSE,

     Defendant-Appellant.

_____

Submitted October 15, 2019 – Decided December 16, 2019

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-06-0765.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (David M. Liston, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Clive A. Rose appeals from an April 30, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean the following facts from the record. On March 22, 2013, defendant was arrested by police for possession of cocaine with intent to distribute in a quantity of less than one-half ounce. On June 4, 2013, a Middlesex County grand jury indicted defendant for third-degree possession of a dangerous substance (CDS), N.J.S.A. 2C:35-10a(1) (count one); third-degree distribution of a CDS, N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3) (count two); third-degree possession with intent to distribute a CDS, N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3) (count three); and possession of paraphernalia with intent to distribute, N.J.S.A. 2C:36-3 (count four).

On December 9, 2013, defendant executed a written plea agreement in which he agreed to plead guilty to count two of the indictment, third-degree distribution. In exchange, the State agreed to recommend that defendant be sentenced to a four-year term of imprisonment with a two-year period of parole ineligibility, and that all remaining counts of the indictment be dismissed. That same day, defendant pled guilty. Consistent with the terms of the plea agreement, the court sentenced defendant to a four-year term of imprisonment

2

with a two-year period of parole ineligibility. By order dated February 10, 2015, we affirmed defendant's sentence.

On October 31, 2017, defendant filed a petition for PCR based on ineffective assistance of counsel.[1] Defendant alleged that there was an inadequate factual basis for the plea adduced at the hearing; and that trial counsel failed to conduct an adequate investigation, failed to argue certain mitigating factors, and never advised him that he was pleading guilty to an offense that would require his mandatory deportation. In connection with his claim that he was not advised of the immigration consequences of his plea, defendant certified that he communicated to his defense attorney that he "was not a United States citizen, [and] that [he] was a permanent resident and citizen of England." Defendant certified that he was provided no notice of the collateral consequence of his plea until he was already sentenced and incarcerated, and that had he known of the immigration consequences of his plea he would not have pled guilty.

On April 30, 2018, after hearing arguments, Judge Alberto Rivas found defendant failed to make a prima facie case of ineffective assistance of counsel,

---

[1] This PCR application was a resubmission of a prior petition filed in March 2015 that defendant voluntarily withdrew.

3

and entered an order denying his petition without an evidentiary hearing. In so ruling, pertinent to the sole issue on this appeal, Judge Rivas found that defendant had stated "on multiple times in different settings," including at the time of his arrest, in his presentence report, and under oath at the time of his plea, that he was a United States citizen. The judge noted that under the circumstances, defendant's bald assertions that he told his attorney that he was not a citizen and that he had been confused didn't "seem logical, reasonable, or truthful." Judge Rivas further found that even assuming defendant was not aware that he faced mandatory deportation as a result of his plea, it was unlikely defendant would have turned down the favorable offer of four years with a two-year period of parole ineligibility given that he was exposed to a ten-year term with five years of parole ineligibility on a mandatory extended term, which the State agreed to waive as part of the plea deal.

This appeal followed. On appeal, defendant presents the following argument for our review:

> POINT I
>
> THE LOWER COURT ERRED IN FINDING THAT THE PETITIONER HAD EFFECTIVE REPRESENTATION OF COUNSEL CONCERNING THE IMMIGRATION CONSEQUENCES OF HIS PLEA AND ERRED BY DENYING AN EVIDENTIARY HEARING.

4

We review the PCR court's legal conclusions or interpretations de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). Since the PCR court did not hold an evidentiary hearing, this court also reviews de novo the PCR court's factual findings. State v. Harris, 181 N.J. 391, 421 (2004) (citation omitted). We review a PCR court's determination to proceed without an evidentiary hearing for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citation omitted).

A PCR petitioner faces the burden of establishing the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002). "Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c).

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

5

[R. 3:22-10(b).]

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), 162 N.J. 199 (1999). "[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing[.]' Rather, defendant must allege specific facts and evidence supporting his allegations." State v. Porter, 216 N.J. 343, 355 (2013) (alterations in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

Ordinarily, to establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Fritz, 105 N.J. 42, 58 (1987) (adopting two-part Strickland test in New Jersey). To satisfy the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). To satisfy the second prong, a defendant must show by a

6

"reasonable probability" that the deficient performance affected the outcome of trial. Id. at 60-61 (quoting Strickland, 466 U.S. at 694).

In connection with a PCR application alleging ineffective assistance of counsel, non-citizen defendants may be relieved of their burden to satisfy the Strickland test if trial counsel failed to advise a client of the immigration consequences of pleading guilty to an offense. Our Supreme Court, adopting the standard established by the United States Supreme Court in Padilla v. Kentucky, 559 U.S. 356 (2010), held that

> counsel's failure to point out to a noncitizen client that he or she is pleading to a mandatorily removable offense will be viewed as deficient performance of counsel; affirmative advice must be conveyed as part of the counseling provided when a client enters a guilty plea to a state offense that equates to an aggravated felony, triggering eligibility for mandated removal.
>
> [State v. Gaitan, 209 N.J. 339, 380 (2012).]

Gaitan's presumption of deficient representation, however, is simply not triggered where, as here, the defendant affirmatively misrepresents his immigration status. In that regard, our de novo review of the record reveals that at the plea hearing,[2] defendant's attorney asked him, "Are you a citizen of the

---

[2] PCR Judge Rivas also conducted defendant's December 9, 2013 plea hearing and his February 20, 2014 sentencing hearing.

7

United States?" Defendant answered, under oath, "Yes." Before accepting defendant's plea, Judge Rivas once again asked defendant to confirm that he was a United States citizen. Again defendant responded, under oath, "Yes." The plea forms signed by defendant and referenced at the plea hearing also asked defendant, "Are you a citizen of the United States?" The answer "Yes" was circled next to that question, and the page on which the question appeared was initialed by defendant. Defendant denied having "any difficulty writing, reading or . . . understanding the English language;" denied having "ever been diagnosed as having any mental disease or disability;" and denied being "under the influence of any medication that affects [his] ability to understand what" was happening at the plea hearing.

At the sentencing hearing, defendant's counsel stated on the record that he had an opportunity to review defendant's presentence report with defendant, and that neither he nor defendant had any objection to it. The report listed defendant's place of birth as "Alabama."

Thus, the record amply supports the judge's finding that defendant's bald assertions that he told his trial counsel he was not a citizen, and that he was confused by the foregoing questioning, were contradicted by defendant's own statements and were otherwise not "logical, reasonable or truthful." We agree

8

and conclude that Judge Rivas did not abuse his discretion in denying defendant an evidentiary hearing as defendant failed to establish that his attorney's performance was deficient.[3]

To the extent that we have not specifically addressed any other issues raised by defendant, we find they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  We also agree with Judge Rivas's conclusion that, even assuming defendant could establish a prima facie case, he failed to show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."  State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).  See State v. O'Donnell, 435 N.J. Super. 351 (App. Div. 2014) (holding a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.") (quoting Padilla v. Kentucky, 559 U.S. at 372).  Given the lengthy mandatory extended-term sentence that defendant would have been exposed to if convicted at trial, it is highly unlikely he would have taken that risk given the very favorable plea deal.

9